IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENINCASA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>RAIDER JEAN, L.L.C.,<br><br>    Defendant.<br>_____/ | No. C 05-02266 JSW<br><br>**ORDER RE DISCOVERY DISPUTE AND ORDER TO SHOW CAUSE** |

    The Court has received the letter by Plaintiffs outlining the parties' discovery dispute regarding Plaintiffs' request for further responses to their First Set of Interrogatories, Nos. 1, 5, and 9, and First Set of Request for Production of Documents, Request Nos. 1, 2, 3, 4 and 5. Despite numerous requests by Plaintiffs to meet and confer and have Defendant contribute to the letter addressing the discovery dispute, Defendant does not appear to have cooperated or complied with the Civil Local Rules or this Court's Standing Order. Having reviewed the parties' positions, the Court has determined that a hearing on this dispute is unnecessary.

    Plaintiffs contend that Defendant's responses to these interrogatories and requests for production are incomplete. Upon review of the requests and responses, the Court concurs with Plaintiffs. Accordingly, the Court ORDERS Defendant to file further responses.

    Plaintiffs further contend that Defendant's responses inappropriately contain objections that were waived. According to Plaintiffs, Defendant filed responses months after the deadline to respond had passed. Objections to interrogatories and requests for production that are not timely served are waived unless a party's failure to object is excused by the Court upon a

showing of good cause. *See* Fed. R. Civ. P. 33(b)(4); *see also Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Defendant has not made any showing of good cause to excuse its failure to timely object. Accordingly, the Court finds that Defendant has waived all objections to these interrogatories and requests for production except for objections based on attorney-client privilege. The Court ORDERS that Defendant shall serve amended responses that are fully responsive without any objections, with the exception of based on attorney-client privilege, by no later than April 28, 2006. If Defendant withholds information or documents based on the attorney-client privilege, Defendant shall provide Plaintiffs with a privilege log.

Finally, it appears as though Defendant failed to comply with the Civil Local Rules and this Court's standing orders requiring the parties to meet and confer. This Court's Standing Orders further requires that the parties file a *joint* letter addressing the parties' relative positions in a discovery dispute. Defendant did not do so. Therefore, the Court ORDERS Defendant to show cause why sanctions should not be imposed for failure to comply with the Civil Local Rules and this Court's Standing Order. If Defendant does not provide good cause for its failure to comply, the Court will impose sanctions in an amount sufficient to compensate Plaintiffs for the cost of bringing this discovery dispute to the Court's attention. Plaintiff shall file a declaration by no later than April 14, 2006 demonstrating the cost it incurred in presenting this discovery dispute to the Court. Defendant shall file a response to this Order to Show Cause by no later than April 28, 2006.

**IT IS SO ORDERED.**

Dated: April 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE